JAP:PWB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

14M 964

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

QANNAF ALI MOHAMMED AL LAHABI,

        Defendant.

- - - - - - - - - - - - - - X

**FILED UNDER SEAL**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF ARREST
WARRANT

(T.18, U.S.C. 1546)

EASTERN DISTRICT OF NEW YORK, SS:

        Bert Seay, being duly sworn, deposes and states that he is a Special Agent with the United States Department of State, Diplomatic Security Service, duly appointed according to law and acting as such.

        On or about April 28, 2014, within the Eastern District of New York, the defendant QANNAF ALI MOHAMMED AL LAHABI did knowingly and willfully use and attempt to use a United States visa that was procured by means of a false claim or statement and otherwise procured by fraud and unlawfully obtained.

        (Title 18, United States Code, Section 1546)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS") and have been involved in the investigation of numerous cases involving United States visas procured by fraud. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

2. In August 2014, DSS received information from the Department of Homeland Security, Office of the Inspector General ("DHS-OIG") that DHS-OIG had received an anonymous tip that Yemeni national employees working in the non-immigrant ("B1/B2") visa unit of the U.S. Embassy in Sanaa, Yemen were helping other Yemeni nationals to fraudulently procure non-immigrant B1/B2 United States visas in exchange for money.

3. Based on information provided by DHS-OIG, DSS identified one specific Yemeni employee at the U.S. Embassy who submitted over 50 suspicious B1/B2 visa referrals for Yemeni citizens. DSS identified the visa applications as suspicious because, in the applications, the Yemeni visa applicants purported to be employed by Yemeni oil companies and stated that their reason for traveling to the United States was to attend an oil industry conference called the "Offshore Technology Conference" in Houston, Texas. However, investigation by DSS determined that, in most instances, the Yemeni oil companies listed as employers on the visa applications were fictitious and, further, that the visa applicants did not, in fact, attend the "Offshore Technology Conference" after traveling to the United States. Despite the fact that the visa applications contained false statements, numerous non-immigrant B1/B2 visas were issued to Yemeni nationals for travel to the United States.

4. DSS identified the defendant QANNAF ALI MOHAMMED AL LAHABI as one of the Yemeni nationals who was referred for a B1/B2 visa by the Yemeni national employee at the U.S. Embassy in Yemen noted above.

5. On or about April 28, 2014, the defendant QANNAF ALI MOHAMMED AL LAHABI arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, Turkish Airlines, Flight number 1, which had departed from Istanbul, Turkey. Upon arrival at JFK, the defendant presented a valid Yemeni passport (No.5542013). The passport contained a B1/B2 United States entry visa, Visa Foil No. F8124280, issued by the United States Department of State, Bureau of Consular Affairs on April 14, 2014. The defendant was applying for entry as a visitor for business.

6. DSS agents were able to review the visa application for the defendant QANNAF ALI MOHAMMED AL LAHABI, which was submitted on March 8, 2014 and presented during an in-person interview to a Consular Officer at the U.S. Embassy in Sanaa, Yemen on April 14, 2014. In his visa application, the defendant stated, among other things, that he was a "manager of marketing" of "Roz Paris Company For Oil Products." The defendant also stated in his visa application that the purpose of his trip to the United States was to attend the "Offshore Technology Conference" in Houston, Texas for approximately 25 days.

7. In September 2014, DSS agents received information from the Yemeni Ministry of Commerce and Information confirming that the Roz Paris Company For Oil Products is not a registered or legitimate company in Yemen.

8. On November 3, 2014, DSS agents spoke to the senior registration manager of the "Offshore Technology Conference." This individual stated that the defendant QANNAF

ALI MOHAMMED AL LAHABI had registered for the conference, but had never paid to attend the conference. Furthermore, the defendant did not actually attend the conference. In addition, a review of law enforcement databases uncovered no evidence that the defendant ever travelled to Houston, Texas after he arrived at JFK.

9. During the investigation, DSS obtained entry photographs of the defendant QANNAF ALI MOHAMMED AL LAHABI at JFK on April 28, 2014. I compared these photographs to the photograph associated with the defendant's visa application and determined they were the same individual.

10. A review of law enforcement databases has uncovered no evidence that the defendant ABDULRAHMAN ABBASHUSSEIN AL HUEBSHI has left the United States and returned to Yemen. Further, a review of State Department databases reveals that the defendant has been a "visa overstay" since October 28, 2014.

11. It is respectfully requested that this Court issue and order sealing, until further order of the Court, all papers submitted in support of this application, including the application, the arrest warrant, and the complaint. I believe that sealing these documents is necessary because the defendant is currently at liberty. Thus, the government seeks to seal the complaint and arrest warrant to ensure that the defendant does not learn that a complaint has been filed and an arrest warrant has been issued, and to prevent him from fleeing justice and avoiding arrest and prosecution.

WHEREFORE, your deponent respectfully request that the defendant ABDULMALEK MUSLEH ABDULLAH ALZOBAIDI be dealt with according to law.

_____
Bert Seay
Special Agent
United States Department of State
Diplomatic Security Service

Sworn to me before this
12th day of November, 2014

_____
THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK